**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-20947
Summary Calendar

DONNIE D. SMITH,

Plaintiff-Appellant,

VERSUS

BAKER GLASS COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Southern District of Texas
(CA H 96-565)

July 1, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Donnie D. Smith ("Smith") appeals the district court's order granting summary judgment to the appellee, contending that the district court erred in granting summary judgment on his claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et al.* After having reviewed the parties' arguments and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, we conclude that the district court committed no reversible error. Smith did not present, as required under the familiar burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), *Atkinson v. Denton Publishing Co.*, 84 F.3d 144, 148 (5th Cir. 1996), evidence that would support a reasonable inference that the appellee-employer's proffered reasons for Smith's discharge were pretext or that age actually motivated the discharge. *See Hall v. Gillman Inc.*, 81 F.3d 35, 36 (5th Cir. 1996); *Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 993 (5th Cir. 1996). The correctness of the decision resulting in the adverse employment action is not relevant to the demonstration of a discriminatory motive, *Jeffries v. Harris County Community Action Ass'n*, 615 F.2d 1025, 1036 (5th Cir. 1980); *Pesterfield v. Tenn. Valley Authority*, 941 F.2d 437, 443 (6th Cir. 1991) (citing cases), and Smith failed to demonstrate that age discrimination, rather than the employer-appellee's belief that Smith had violated company policy, was the basis of his discharge.